**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONNIE M. ELLIOT,**

                **Plaintiff,**

**-vs-**                                                                                                                                **Case No.  6:07-cv-1509-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**
_____

## MEMORANDUM & OPINION

Plaintiff filed this social security appeal on the Commissioner's decision regarding her disability insurance benefits, arguing that the Appeals Council ("AC") abused its discretion by failing to remand the decision to the administrative law judge for rehearing when the AC found that the date of last insured was incorrect. Doc. No. 14. For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED**.

### *I. BACKGROUND*

**A.     Procedural History**

Plaintiff filed for a period of disability, disability benefits and SSI benefits on June 15, 2004. R. 20, 70-73. She alleged an onset of disability on January 1, 1999, due to arthritis, and a bulging disc in her lower back. R. 69-73, 98. Her application was denied initially and upon reconsideration. R. 49-54B. Plaintiff requested a hearing, which was held on March 1, 2007, before Administrative Law Judge William H. Greer (hereinafter referred to as "ALJ"). R. 367-92. At the hearing, Plaintiff amended her alleged onset date to March 1, 2005. R. 380. On March 16, 2007, the ALJ entered a

fully favorable decision that Plaintiff was entitled to a period of disability commencing March 1, 2005 and to disability insurance benefits. R. 16-23.

However, on May 14, 2007, the Appeals Council issued its Notice of Appeals Council Action, stating that it was reviewing the decision concerning Plaintiff's claim for Disability Insurance Benefits (R. 11-15A). The AC decided that Plaintiff's date last insured (September 30, 2002 - R. 74) was prior to the alleged onset date amended by Plaintiff (March 1, 2005 - R. 356-360) and accepted by the ALJ. R. 5-10. On July 26, 2007, the Commissioner issued the Decision of the Appeals Council, reversing the ALJ's decision and finding Plaintiff was not entitled to disability insurance benefits, but she was entitled to SSI. R. 5-10. Plaintiff filed this action for judicial review on September 21, 2007. Doc. No. 1.

### B.     Medical History and Findings Summary

Plaintiff, who was born in 1963, was forty-three years old at the time of the AC's decision. R. 5, 70. Plaintiff has a high school education and has worked as a senior loan processor, a housekeeper, a cashier, an auditor, a file clerk, and a roofer. R. 99, 112-19.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of a crushed disc, chronic neck and low back pain. R. 49, 55. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered depression with generalized anxiety disorder and chronic adjustment disorder, as well as a disorder of the cervical spine and a disorder of the lumbar spine, resulting in radiating pain and numbness into both her upper and lower extremities, which were "severe" medically determinable impairments which meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 21. Because the evidence supported a finding that the claimant had an impairment that met or equaled the criteria of any listed impairment, the ALJ found Plaintiff to be disabled. R. 21. In accordance with

the finding that the claimant had been under a disability beginning March 1, 2005, the ALJ found Plaintiff entitled to disability insurance benefits and supplemental security income benefit payments. R. 21.

## *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ and the AC have applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

## *ANALYSIS*

This appeal turns on what is essentially a procedural point. Plaintiff contends that the Appeals Council abused its discretion by failing to remand the decision to the ALJ after the Appeals Council determined that Plaintiff's date last insured (September 30, 2002 - R. 74) was prior to the alleged onset date as amended by Plaintiff (March 1, 2005 - R. 356-360). The Commissioner contends that the AC has the authority to review the ALJ's decision and properly reversed the ALJ without remand for a new determination. The Court disagrees and finds that the case must be remanded.

Plaintiff initially alleged an onset of disability date of January 1, 1999. R. 70. At the administrative hearing, Plaintiff testified that in 1990, "I tripped on some carpet and fell into my typewriter and that's what started my lower back injury at the time." R. 370. She testified that her

condition "got worse over the years." R. 371.  The record shows that she had no earnings in 1999, 2000, 2001, 2002, 2003, 2006 and 2007. R. 361.  Total earned income in 2004 was $468 and in 2005 was $115, which were amounts less than the substantial gainful activity level.

Plaintiff testified at the hearing that she was involved in a motor vehicle accident on March 1, 2005.  R. 371.  During the course of Plaintiff's direct examination by her counsel, the ALJ politely interrupted him to say:

> ALJ: Mr. Horrox, *I think we've got enough.*  Well, let me put it this way, I [inaudible] perhaps what you were leading to with some of your questions.  I'm thinking the date from the accident March 1, 2005.  Sounds like her condition has worsened considerably at that point.
>
> ATTY: Yeah, I was going to amend the onset date to March 1, 2005.
>
> ALJ: Okay.
>
> ATTY: It really was, in my opinion, the straw that broke the camel's back in light of what her existing medical condition was as of March 1, 2005.  She was obviously in a predisposed medical state as of March 1, 2005.
>
> ALJ: So you are amending it to March 1, 2005 then?
>
> ATTY: I really think that's the fairest thing to do for everyone.
>
> ALJ: Okay, *I'll accept that and amend it [inaudible] with the understanding I'll be issuing a fully favorable decision using that date.*  Have you written a decision for Social Security . . . [Y]ou're aware our staffing is getting worse and worse and worse so if it's something you could handle it would help us out. . . . I'll give you 20 days to prepare something.  But basically find it as of March 1, 2005, and *this would be fully favorable because you're amending the onset date.*

R. 379-80 (emphasis added).

The Commissioner contends that the AC in this case properly determined Plaintiff's earning record showed Plaintiff's disability insured status expired on September 30, 2002, so she did not qualify for a period of disability starting March 1, 2005 and that the AC's reversal on disability benefits was done "in accordance with regulations." R. 12.  The Commissioner points to language

-4-

in letters from SSA to the Plaintiff, which supposedly warned her that the AC could review a decision and that the review could make the decision less favorable to her. R. 16. A second letter from the AC on May 14, 2007 notified Plaintiff that the AC was reviewing the ALJ's decision because it had found an error of law. R. 11-15A. The Commissioner also points to the SSA internal manual containing examples of this sort of error in the date of last insured. Doc. No. 17 at 5. The Commissioner further argues that Plaintiff waived her opportunity to seek a new hearing because she did not act when the AC informed her that she could send more evidence, a statement, or request a new hearing in front of the ALJ. Doc. No. 17 at 7.

Plaintiff contends that the ALJ and Plaintiff's counsel made a mutual mistake in agreeing to the alleged onset date of March 1, 2005. The Commissioner argues that Plaintiff's counsel "first suggested amending her onset date to March 1, 2005." Doc. No. 17 at 7. That is patently not true – the ALJ first suggested amending Plaintiff's onset date. R. 380. Counsel agreed with the ALJ that the alleged onset date might more appropriately be March 1, 2005 as " the straw that broke the camel's back." R. 380. The ALJ conditioned the amended date "with the understanding I'll be issuing a fully favorable decision using that date" and then asked counsel to draft the fully favorable decision. R. 380. This may explain why counsel, less familiar with the SSA internal records, did not catch the error in the date of last insured, where the SSA staff or ALJ might have. The ALJ gave counsel twenty days to prepare something finding "as of March 1, 2005, and this would be fully favorable because you're amending the onset date." R. 380.

Plaintiff characterizes the colloquy between counsel and the ALJ as an agreement for Plaintiff to give up her right to receive retroactive disability benefits. The Court agrees. Reading the comments in the context of this particular hearing, given the character of the conversation between the ALJ and Plaintiff's counsel in the transcript (R. 379-80), it certainly appears that they were

negotiating: a fully favorable decision for Plaintiff to issue virtually immediately, and termination of the process in front of the ALJ, or the possibility of a more drawn out process, when Plaintiff could not be assured of receiving any benefits, let alone any benefits from before March 1, 2005.

As a practical matter, it is not clear to the Court why, when the AC had previously offered the Plaintiff an opportunity for a new hearing in front of the ALJ (R. 13), the AC would not honor that offer when Plaintiff belatedly requested one via this appeal. It is not clear whether Plaintiff was represented by counsel (the AC decision was sent directly to her home) at this point in the proceeding, and she could hardly be expected to understand the nuances of what is a fairly complicated procedure in this case (R. 12; language reading "have 20 social security credits (5 years of work under Social Security) during the 10-year period ending with the quarter in which she became disabled").

The Court finds that the Appeals Council's decision not to remand the case to the ALJ was not consistent with the requirements of law and is not supported by substantial evidence. Accordingly, the Court **REVERSES and REMANDS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), with direction to the AC to remand the decision to the ALJ for further proceedings including consideration of any evidence of impairment prior to March 1, 2005 or use, if appropriate, of a medical advisor to determine whether the onset date was earlier than March 1, 2005. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record